## FONTANILLE v. DUCOTE.
No. 4759.

Court of Appeal of Louisiana. Second Circuit.
June 4, 1934.

Couvillon & Couvillon, of Marksville, for appellant.

Joffrion & Bordelon, of Marksville, for appellee.

DREW, Judge.

This suit arose out of an automobile accident which occurred on January 12, 1932, in the corporate limits of Plaucheville, La., n which accident plaintiff's car was damaged. Plaintiff was driving his own car, going in the direction of Plaucheville, and defendant's minor son was driving a car owned by a Mr. Maillet and was entering the highway from his father's home to drive to the school in Plaucheville. The accident occurred soon after. defendant's son had entered the highway, from a private driveway leading from his father's house. Considering that both cars were headed toward Plaucheville, the defendant's car entered the highway from the left side, and had reached a point in the road where it was straightening out on the right side of the road. The back end of defendant's car was 9 feet from the left side of the road, and the front end was on the right side of the road. The car had about halfway made the turn necessary to get straight on its right side of the road. It was also 9 yards toward Plaucheville from the center of the driveway where it entered the road when the left rear wheel of defendant's car was struck by the car of plaintiff. Plaintiff's car then collided with a post upon which was a mail box and then went into a ditch about 25 feet from the point or place where the collision occurred. Plaintiff contends that the defendant's car entered the highway from a private driveway and made a left turn directly in the path of his car and too close for him to stop or avoid the accident.

Defendant denied any negligence on the part of his minor son and alleged the sole and proximate cause of the accident was the excessive speed of plaintiff's car, and further pleaded that plaintiff had the last clear chance to avoid the accident.

The lower court, in a written opinion covering more than 30 typewritten pages, has reviewed the testimony of each witness, as well as the law applicable to the facts he found, sustained both defenses set up, and rejected the demands of plaintiff, from which judgment plaintiff has appealed.

■ Plaucheville is an incorporated town, and there is filed in evidence an ordinance of the town whereby the speed limit is fixed at 15 miles per hour. However, it is not shown that the necessary posting of notices to that

effect, as required by Act No. 296 of 1928, §. 5, subd. (c), was done. Therefore the speed limit of 20 miles per hour in the residential district of towns, as fixed by Act No. 296 of 1928, § 5, subd. (b) 7, will govern, as this accident occurred in the residential section of the town of Plaucheville. Loewenberg v. Fidelity Union Casualty Co. (La. App.) 147 So. 81.

■■ Plaintiff admits he was traveling at a rate of speed of 42 miles per hour at the time of the collision; therefore, it is certain that he was exceeding the speed limit as fixed by law. He further admits that, when he saw defendant's car coming onto the highway, he did not sound his horn. When the defendant's car was on the private driveway preparing to enter the highway, and within 10 feet of the highway, defendant's minor son, who was driving, brought the car nearly to a stop and looked both right and left, but did not see any car coming. It was raining at the time, the glass windows were up and slightly blurred. He testified that he could see in the direction from which plaintiff came about to the next driveway, which was 85 yards away. He looked and did not see any car. He then slowly entered the highway at a rate of speed of about 5 miles per hour and proceeded to turn toward Plaucheville. He had to cross the road from his left to his right side, which feat he had almost accomplished when the impact was had. We find no negligence in the action of the young man. After he looked in the direction from which plaintiff was coming and for a distance of 85 yards did not see any car, he was justified in entering the highway, for he well knew that, if a car was coming from that direction and was observing the speed law, he would have sufficient time to enter and get straightened out on the road before it could reach him. He had the legal right to presume that any one who might be coming from that direction, and was at that time farther than his vision carried, would not violate the law. McDonald et al. v. Stellwagon (La. App.) 140 So. 133. And the record, we think, makes it certain that defendant's car would have been straightened out upon its right side of the road and the accident avoided if plaintiff had not been exceeding the speed limit fixed by law.

The testimony of nearly every witness in the case, except plaintiff, is to the effect that, when defendant's car reached the highway, plaintiff was at the first driveway from there, which was 85 yards. This is direct corroboration of the testimony of defendant's son that, when he was 10 feet from the highway and looked in the direction from which plaintiff

came, he saw no car as far up the road as the next driveway.

A different situation might prevail if the young man had seen plaintiff's car three or four hundred feet away, coming at an excessive speed. Then it would have been his duty not to drive out in front and make a left turn when he was not sure he could safely do so. But those are not the facts here. He saw as far as he could see in the weather conditions, and did not see any car. He knew he could enter the road in safety if any one coming from that direction observed the law, which he had a right to presume they would do. There was no negligence on the part of defendant's minor son, and the sole proximate cause of the accident was the excessive speed of plaintiff.

The judgment of the lower court is correct, and is affirmed, with costs.